UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMBER RAE KINGSLEY, *et al*,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>CARSON HAMANN, *et al*,<br><br>　　　　Defendants. | Case Number 3:24-cv-00202-CSD<br><br>**ORDER SETTING VIDEO CASE MANAGEMENT CONFERENCE** |

　　　Pursuant to the Federal Rule of Civil Procedure 16 and Local Rule ("LR") 16-2, a case management conference shall be set before United States Magistrate Judge Craig Denney as the court concludes that a Rule 16 case management conference will assist the parties, counsel, and the court.

　　　A video case management conference utilizing Zoom video conferencing technology is set before this Court on **TUESDAY, JULY 9, 2024,** at **9:00 a.m.**  The parties are directed to contact the Courtroom Administrator, Ashlyn Bye, at Ashlyn_Bye@nvd.uscourts.gov, by **FRIDAY, JULY 5, 2024**, to provide the e-mail address of all counsel who will be attending the hearing. The Zoom invite to the scheduled hearing will be sent via e-mail at least one (1) day prior to the hearing to the participants e-mail provided to the Court.

　　　The case management conference is mandatory and lead counsel or trial counsel are required to appear via video conference for this hearing.[1]  If there is a conflict with the date and time for the hearing, counsel have leave to request that the conference be continued.  Counsel who have not made a formal appearance in the case or whose

---

[1] Associate counsel and any other members of the public may attend this hearing via telephone by dialing **1-888-363-4735**, Access Code **9235833**, Security Code **0709**.

name does not appear on CM/EMF will not be permitted to appear. Moreover, failure to attend the case management conference or attending the case management conference without a thorough familiarity of the facts and the law related to the instant case may result in sanctions.

In preparation for this case management conference, **IT IS HEREBY ORDERED**:

**A.    Meet and Confer**

Within twenty (20) days of the case management conference, lead counsel for each party are ordered to meet and confer either, in person, or telephonically, to discuss the following:

1.    Settlement: Counsel shall thoroughly discuss the possibility of settlement before undertaking the preparation of the Joint Case Management Report or engaging in extensive discovery. However, if after the initial meet and confer session, settlement discussions are progressing, the parties must comply still with the requirements of this order unless otherwise excused by the Court. If the entire case is settled, the parties must promptly notify the Court and counsel's presence, as well as a Joint Case Management Report, will not be required.

2.    Electronically Stored Information ("ESI"): Prior to the meet and confer session, each counsel should carefully investigate their respective client's information management system so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved. The parties shall meet and attempt to agree on the following matters related to ESI:

a)    What types of ESI will be at issue in the case;

b)    The steps the parties will take to segregate and preserve computer−based information in order to avoid accusations of spoliation;

c)    The scope of e−mail discovery and attempt to agree upon an e−mail search protocol. This should include an agreement regarding inadvertent production of privileged e−mail messages;

        d)      Whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration;

        e)      Whether or not back-up data may be necessary, the extent to which back-up data is needed and who will bear the cost of obtaining back-up data; and,

        f)      An agreed upon format of ESI disclosures, such as PDF vs. Native Format, etc.

      3.    <u>Issues Required for Case Management Report</u>: The parties shall meet and confer on all the various other items required in the Joint Case Management Report.

**B.**    **Joint Case Management Report**

The parties shall file a Joint Case Management Report electronically on CM/ECF **by 4:00 p.m. on TUESDAY, JULY 2, 2024**. This report shall not exceed fifteen (15) pages and shall not include any attached exhibits.

However, if any party fails to participate in preparing the Joint Case Management Report, the non-offending party shall detail the party's effort to get the offending party to participate in drafting the report. The non-offending party shall still file the report one (1) full week prior to the case management conference. The offending party may be subject to sanctions, including monetary sanctions to compensate the non-offending party's time and effort incurred in seeking compliance with this order.

**C.**    **Contents of Joint Case Management Report**

The joint case management report shall include the following information in separately numbered paragraphs as designated below:

      1.    A short statement of the nature of the case (three pages or less), including a description of each claim and defense;

2. The jurisdictional bases for the case, citing specific jurisdictional statutes. If jurisdiction is based on diversity, the citizenship of each party shall be identified and the amount in controversy must be stated;

3. Whether any party expects to add additional parties to the case or otherwise amend the pleadings;

4. Whether there are any pending motions, including a brief description of those motions;

5. Whether this case is related to any other case pending before this court or any other court, including a bankruptcy court, and if so, provide a brief description of the status of those case(s);

6. A complete and detailed statement related to discovery, which addresses the following issues:

a) The date the Rule 26(f) initial disclosures were provided, or will be provided, by each party;

b) A brief statement regarding, what discovery requests have been served by any party, who the requests were served upon, and the due dates for responses to those requests;

c) Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information;

d) Any issues or proposals relating to the timing, sequencing, phasing, or scheduling of discovery;

e) Whether the parties anticipate the need to take discovery outside of the District of Nevada or the United States and, if so, a description of the proposed discovery; and,

f)	A summary of the number of depositions each party anticipates taking, information related to the anticipated location of those depositions, and whether any party anticipates video and/or sound recording of depositions.

7.	A brief statement regarding the types of ESI expected in the case, where the ESI is located, a statement of any agreements reached by the parties related to ESI on the issues listed above, and any outstanding disagreements between the parties related to ESI.

8.	Whether a jury trial has been requested, whether the request for a jury trial is contested (if the request is contested, set forth reasons), and an estimated length for trial.

9.	A statement as to the possibility of settlement and when the parties desire a court sponsored settlement conference, i.e., before further discovery, after discovery, after dispositive motions, etc.

10.	Whether the parties intend to proceed before the magistrate judge. Presently, when a civil trial is set before the district judges, any criminal trial set that conflicts with the civil trial will take priority, even if the civil trial was set first. Continuances of civil trials under these circumstances may no longer be entertained, absent good cause, but the civil trial may instead trail from day to day or week to week until the completion of either the criminal case or the older civil case. The parties are advised that they are free to withhold consent or decline magistrate jurisdiction without adverse substantive consequences.[2] and,

---

[2] A form to be used for consent to proceed before the Magistrate Judge may be found on the Court's website, www.nvd.uscourts.gov/Forms.aspx  (AO 85, Notice of Availability of a U.S. Magistrate Judge).  Consent forms should NOT be electronically filed.  Upon consent of all parties, counsel are advised to manually file the form with the Clerk's Office.

11. Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre−trial motions or trial.

The parties are reminded that the filing of a dispositive motion does not stay a case in federal court, nor does it excuse the parties with proceeding with their discovery obligations as required by the Local Rules and the Federal Rules of Civil Procedure. Failure to follow the Local Rules and comply with discovery obligations without first obtaining an order from the court either delaying discovery requirements, staying discovery or staying the entire case may result in sanctions.

**D.     Discovery Plan and Scheduling Order**

In advance of the mandatory case management conference, the parties shall file a proposed Discovery Plan and Scheduling Order no later than **TUESDAY, JULY 2, 2024**.

Following the case management conference, the court will issue a discovery plan and scheduling order (DPSO). Once issued, the dates in the DPSO are firm and no extension will be given without permission from the court based on a showing of good cause.

**Should counsel fail to appear at the Joint Case Management Conference or fail to comply with the directions as set forth above, an ex parte hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.**

IT IS SO ORDERED.

Dated: June 10, 2024

_____
CRAIG S. DENNEY
UNITED STATES MAGISTRATE JUDGE