**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **AMBER RAE KINGSLEY and WARREN TODD MASON,** </br></br> Plaintiffs, </br></br> vs. </br></br> **CARSON HAMANN, individually and as supervising broker and manager of CARSON PROPERTY MANAGEMENT, LLC, etc., et al.,** </br></br> Defendants. | Case 3:24-cv-00202-ART-CSD </br></br> **STIPULATED PROTECTIVE ORDER** |

To facilitate discovery, reduce objections, narrow discovery disputes, and protect the confidentiality of sensitive material, the parties stipulate to entry of this protective order.

It is therefore ORDERED as follows:

1. Nothing in this Order modifies the requirements of and duty to comply with LR IA 10-5 governing the sealing of documents.

2. As used in this Order, the term "CONFIDENTIAL" means and covers any material that contains nonpublic information regarding financial, medical, or personal identifying information, as defined under Fed. R. Civ. P. 5.2(a). Materials

1  designated "CONFIDENTIAL" shall not be redacted unless filed, see LR IC 6-1;
2  instead, those materials will be handled in accordance with this Order.
3       3.   Nothing within this Order is intended to prejudice the right of any
4  party to object to the production of any discovery material on grounds other than
5  the confidential nature of the responsive discovery.
6       4.   The producing party MUST clearly stamp each page of each
7  document designated as confidential with the legend, "CONFIDENTIAL."  If
8  ESI cannot be so stamped, then each folder and subfolder containing the
9  confidential ESI must be clearly labeled "CONFIDENTIAL."  No party will be
10 responsible to another party for disclosure of confidential material unless that
11 material is clearly stamped or labeled as "CONFIDENTIAL."
12      5.   If original records are made available for inspection, then the
13 inspecting party must identify those records that will be copied to the producing
14 party and the producing party will have seven days to designate records as
15 "CONFIDENTIAL."
16      6.   If "CONFIDENTIAL" material is disclosed in a deposition, then each
17 side will have 14 days after receipt of the transcript to designate pages and lines as
18 "CONFIDENTIAL."  The designation party must provide all counsel with
19 deposition pages stamped CONFIDENTIAL and a cover sheet.   Pages designated
20 as CONFIDENTIAL will be removed from the transcript and appended at the end
21 of the transcript with a separator sheet, labeled Confidential Testimony.
22      7.   Materials designated "CONFIDENTIAL" may be viewed only by
23 counsel and their staff, court personnel, the author or recipient of the material, and
24 by the following additional individuals, but only if each such individuals execute
25 the "Acknowledgment and Agreement to Be Bound," attached hereto as Exhibit A,
26 before they may view or retain any "CONFIDENTIAL" material:
27      a.   Experts and consults retained by counsel for purposes of this action;
28      b.   Outside technical, stenographic, and clerical staff engaged by counsel

1            for purposes of this action;

2      c.     The parties; and,

3      d.     Witnesses in connection with the preparation of their testimony.

4     8.     Absent a genuine need for retention, the parties and witnesses who

5 may view material stamped "CONFIDENTIAL" shall not be permitted to retain a

6 copy of confidential material.

7     9.     "CONFIDENTIAL" materials may be used solely for purposes of

8 litigation of this action and no others.

9     10.     Within eight weeks of the final closure of this action, each person

10 receiving "CONFIDENTIAL" material will either:

11      a.     destroy those materials and any copies thereof and notify the

12            producing party their destruction; or,

13      b.     return the "CONFIDENTIAL" materials and any copies thereof to the

14            producing party.

15 Nothing in this section bars counsel from retaining a copy of their word product

16 even if that work product contains "CONFIDENTIAL" material.

17     11.     At any stage of these proceedings, any party may object to a

18 designation of the materials as "CONFIDENTIAL."  The party objecting to

19 confidentiality must notify, in writing via email, counsel for the designating party

20 of the objected-to designation and the grounds for the objection.  Within seven

21 days of transmission of that objection, the designating counsel will notify the

22 objecting counsel in writing:

23      a.     That the "CONFIDENTIAL" designation is withdrawn and a new set

24            of material without that designation will be produced within 14 days  of the

25            objection's transmission; or,

26      b.     That the "CONFIDENTIAL" designation is not withdrawn; and,

27      c.     That the parties hereby stipulate that any objection to a

28            "CONFIDENTIAL" designation may be submitted to the Court for

1  resolution on an expedited or ex parte basis.

2      12.    Nothing in this Order shall restrict the presentation of evidence at trial. If any party wants the Court modify the process for the admission of evidence at trial that has been designated as "CONFIDENTIAL," then that party must present that request to the trial court as part of the proposed pretrial order and obtain a ruling from the trial court at the pretrial conference.

    13.    Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

    14.    This Order may be modified by agreement of the parties, subject to approval by the Court. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

IT IS SO ORDERED this __31st__ day of __October__, 2024

_____
Hon. Craig S. Denney
United States District Magistrate Judge

-4-

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], hereby declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Nevada in the Case 3:24-cv-00202-ART-CSD.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____ Signature: _____

| Print Name: | Telephone: |
|---|---|
| Email: | Address: |